**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 26, 2015[*]
Decided July 13, 2015

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 14-3707

| | |
|---|---|
| WENDY B. ADELSON, | Appeal from the United States |
| *Plaintiff-Appellant*, | District Court for the Northern District |
| | of Illinois, Eastern Division. |
| *v.* | |
| | No. 07 C 7208 |
| OCWEN FINANCIAL | |
| CORPORATION, *et al.*, | Charles R. Norgle, |
| *Defendants-Appellees*. | *Judge*. |

**O R D E R**

Eight years ago Wendy Adelson, a Michigan homeowner, sued Ocwen Loan Servicing, LLC, and other companies involved with her home mortgage in a Michigan court; her complaint raised only state-law claims. She soon found herself litigating in Chicago, however, after the defendants (for simplicity we disregard all but Ocwen and HSBC Bank USA) removed the suit to federal court in Michigan and then engineered its

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. The appeal is therefore submitted on the briefs and record. See FED. R. APP. P. 34(a)(2)(C).

transfer to the Northern District of Illinois, the site of multidistrict litigation involving a host of claims against Ocwen. Since then Adelson's suit, which principally alleges that Ocwen's irregular handling of her loan resulted in an unlawful foreclosure action, has been dormant. The reason for the lack of action appears to be because the presiding judge believes that Adelson's suit was extinguished by another of the MDL cases, a successful class action in which she was a class member. This was incorrect, as we explain below. Adelson, trying to get her suit back on track, filed what she labeled a motion under Federal Rule of Civil Procedure 60(b). The district judge denied her motion, prompting this appeal. But there is no final judgment in her individual lawsuit, and so we dismiss the appeal.

## I

Adelson bought her home in Lake Orion, Michigan, in 2006 with financing from Sebring Capital Partners, a now-defunct residential-mortgage lender. Shortly thereafter Sebring closed its doors, but not before it assigned Adelson's note and mortgage to another financial institution. Adelson got wind of the assignment when Ocwen entered the picture and told her that it would be collecting future payments. According to Adelson, Ocwen refused to disclose the name of the institution now holding her note and mortgage. Frustrated by the lack of transparency, Adelson ceased making payments, and within months HSBC showed its hand by initiating foreclosure proceedings.

Adelson hired counsel and sued Ocwen and HSBC. Her state-court complaint includes a number of claims, all arising under Michigan law, including breach of contract, wrongful foreclosure, violations of consumer-protection statutes, and intentional infliction of emotional distress. The complaint attributes the loan arrearage to Ocwen's malfeasance and alleges that HSBC breached the loan and mortgage contracts by moving to foreclose. As relief her suit seeks primarily to enjoin the foreclosure proceeding and quiet title to her home.

Ocwen and HSBC, invoking the diversity jurisdiction, removed the suit to the Eastern District of Michigan. After filing an answer, the defendants sought transfer to Chicago, where three years earlier the Judicial Panel on Multidistrict Litigation had consolidated for pretrial proceedings numerous lawsuits (the number eventually reached 93) accusing Ocwen of violating federal or state consumer-protection statutes. Adelson's suit was assigned case number 07 C 7208 in the Northern District of Illinois, where she hired local counsel. Judge Norgle, who presided over the MDL, denied

Adelson's motion to remand the suit to Michigan state court. That would be the last entry on the docket for the next six years.

Meanwhile, in another of the MDL suits against Ocwen, the plaintiffs sought class certification. The class complaint's lengthy list of claims all centered on Ocwen's alleged practice of charging and collecting late fees even when loan payments were timely or the collection of late fees was statutorily barred. That litigation, case number 04 C 2714, did not involve HSBC or the other defendants in Adelson's state suit other than Ocwen and its affiliates. Adelson was a member of the putative class.

The class action was certified and settled in late 2010. Under the terms of the settlement, which is governed by Illinois contract law, Ocwen agreed to forgive some of the late fees it had charged. In exchange, class members released all claims against Ocwen "arising out of, or related to, the facts and/or claims alleged in the MDL Actions arising out of state or federal law." (The settlement agreement defines "MDL Actions" to include Adelson's lawsuit.) The release expressly excepts "statutory or common law rights against foreclosure, whether asserted in the form of a claim or defense." Adelson did not opt out or otherwise object to the settlement, and so in early 2012 she received from Ocwen a credit for late fees previously charged to her loan account. Although Adelson's acquiescence in the class settlement had the effect of releasing some (but not all) of the claims in her individual lawsuit, no entry to that effect was made on the docket in No. 07 C 7208.

Three years later Adelson filed under No. 07 C 7208 the "Rule 60(b) motion" that precipitated this appeal. In that motion, she sought to vacate, solely as to her, the judgment in the class action, a step that she apparently believes is necessary before she is entitled to move forward with her individual suit against Ocwen and HSBC. (According to counsel for Ocwen, this motion came "only after foreclosure proceedings were restarted.") Adelson asserted that she had not received notice of the settlement, an omission for which she faulted her attorney. Only Ocwen responded to this motion. The company implicitly seconded Adelson's suspicion that her individual suit against it was ended by the class settlement. Ocwen opposed the motion on the ground that Adelson's allegations did not warrant relief under Rule 60(b).

The district court denied the motion. Adelson's assertion of excusable neglect under Rule 60(b)(1), the court reasoned, is untimely. The court also rejected Adelson's contention that she had established "extraordinary circumstances" under Rule 60(b)(6). The court then declared that the release included in the class settlement precludes

further litigation of "all claims that were or could have been brought against Defendants based on the allegations in her complaint."

## II

Adelson filed a notice of appeal from this ruling, asserting that the district court abused its discretion in denying her "Rule 60(b) motion." Before we can evaluate the court's ruling, however, we must ensure that our jurisdiction is secure, an obligation we bear even if the parties do not bring the issue to our attention. See *Minn. Life Ins. Co. v. Kagan*, 724 F.3d 843, 846 (7th Cir. 2013).

As we assess our jurisdiction, we are confronted first with the question whether to treat Adelson's submission as a motion in the class action, or as one in her individual lawsuit. The parties have paid little attention to that detail. They focus their contentions instead on facts relating to the class settlement, not on the facts of Adelson's underlying lawsuit. At the same time, the parties have consistently acted as though Adelson's motion was filed in her individual suit. That motion bears the name and docket number of the lawsuit originating in Michigan state court, and none of the defendants—in particular those who were not part of the class action—ever hinted that the case name or number is incorrect. Neither did the district court question the form of the motion. In this court the appellees—who, Adelson points out, purport to be all of the defendants she named in her state complaint—frame their jurisdictional statement as if this appeal is from the denial of a postjudgment motion in Adelson's individual suit.

We see no reason not to take Adelson's motion at face value, especially since its form went unchallenged by the defendants and the district court. *Cf. Wheeler v. Talbot*, 770 F.3d 550, 552 (7th Cir. 2014). This approach makes good procedural sense: By its own terms Rule 60(b) applies only to parties and their legal representatives. Absent class members such as Adelson are treated, with limited exceptions inapplicable here, as non-parties to a class action. See *Devlin v. Scardaletti*, 536 U.S. 1, 9–10 (2002). In accordance with that treatment, it has long been the general rule that some form of participation in the litigation is necessary before an unnamed class member can seek relief under Rule 60(b). See *In re Four Seasons Sec. Litig.*, 525 F.3d 500, 504 (10th Cir. 1975); 6A FED. PROC., L. ED. § 12:358 (Westlaw database updated 2015); *cf. Devlin*, 536 U.S. at 9, 14 (holding that absent class member who objects to class settlement may appeal only "the District Court's decision to discard his objections"). Neither party contends that Adelson participated in the class litigation, or that there is any other reason to disregard Rule 60(b)'s plain terms. If Adelson wants now to exclude herself

from the class settlement, she would need to take different procedural steps. For example, she might consider a motion under Rule 6(b) to extend the time to opt out. See FED. R. CIV. P. 6(b); *In re Am. Express Fin. Advisors Sec. Litig.*, 672 F.3d 113, 129–30 (2d Cir. 2011).

Unless there is a final judgment in Adelson's individual lawsuit, it was premature to invoke Rule 60. Although an appeal from the denial of a motion under Rule 60(b) may be taken separately from an underlying decision, the rule allows a district court to relieve a party only from a *final* decision. See *Mintz v. Caterpillar Corp.*, No. 14-1881, 2015 WL 3529396, at *5 (7th Cir. June 5, 2015). The defendants hint that they believe that the class settlement had the effect of barring Adelson's individual suit *in toto*; Adelson (who is acting *pro se*) appears to share that assumption. And well she might: the district court's order denying Adelson's motion conveys the same message.

But that message cannot withstand scrutiny. The defendants and the district court did not cite any authority for their understanding that the class settlement released *all* defendants from *all* claims in Adelson's lawsuit. The class settlement is a written document that we may interpret for ourselves. See *Stanek v. St. Charles Cmty. Unit Sch. Dist. #303*, 783 F.3d 634, 642 (7th Cir. 2015). That document does not foreclose entirely the claims in Adelson's individual suit, even though it purports to resolve some of them. As to Ocwen, Adelson appears to have abandoned a significant portion of her claims by not timely opting out of the settlement. But the release expressly exempts claims asserted in opposition to foreclosure, and Ocwen has never developed any argument that all of Adelson's claims against the company (in particular those for wrongful foreclosure and breach of contract) fall outside this exemption. Moreover, as we have noted, Adelson's state complaint principally sought to stop the mortgage foreclosure. The foreclosure action was brought by HSBC and another defendant named in Adelson's state complaint. Neither is a defendant in the class action. It is inconceivable that settling the class claims against Ocwen extinguished Adelson's suit against other defendants not involved in the class action and not affiliated with Ocwen. At a minimum, Adelson's entire suit continues to pend against the remaining defendants.

We thus lack appellate jurisdiction. The judgment in the class action does not fully resolve Adelson's individual suit and thus essentially functions much like an order authorizing an amended pleading that dismisses some but not all claims, see FED. R. CIV. P. 15(a); *Taylor v. Brown*, No. 12-1710, 2014 WL 9865341, at *5 (7th Cir. June 2, 2015), or an order dismissing some but not all parties to a suit without an accompanying

certification under Federal Rule of Civil Procedure 54(b), see *Morton Int'l, Inc. v. A.E. Staley Mfg. Co.*, 460 F.3d 470, 480 n.12 (3d Cir. 2006), or partial summary judgment, see FED. R. CIV. P. 56(a). No matter how Adelson labeled her motion, in substance she was trying to move her stalled lawsuit forward; she was not seeking review of a supposed final judgment in that action. The case involving Ocwen and its codefendants that the court transferred from Michigan to the Northern District of Illinois remains pending, and the parties and the district court should get about the business of resolving it, whether by commencing discovery and motion practice in Chicago, or by suggesting to the JPML that the case be returned to the Eastern District of Michigan. See 28 U.S.C. § 1407(a); M.D.L. Rules 10.1(b), 10.3. The litigation is unfinished, and the district court will have to decide how much or how little is left of Adelson's claims against Ocwen.

APPEAL DISMISSED.