In the

# United States Court of Appeals

## For the Seventh Circuit

---

No. 15-1269

CENTRAL ILLINOIS CARPENTERS HEALTH AND WELFARE TRUST
FUND, *et al.*,

*Plaintiffs-Appellees*,

*v.*

CON-TECH CARPENTRY, LLC,

*Defendant-Appellant*.

---

Appeal from the United States District Court
for the Central District of Illinois.
No. 14-CV-3293 — **Colin S. Bruce**, *Judge*.

---

ARGUED NOVEMBER 6, 2015 — DECIDED NOVEMBER 24, 2015

---

Before WOOD, *Chief Judge*, and POSNER and EASTERBROOK,
*Circuit Judges*.

EASTERBROOK, *Circuit Judge*. Several multi-employer
health and welfare funds filed this suit under the Employee
Retirement Income Security Act (ERISA), seeking about
$70,000 in what they labeled delinquent contributions. The
suit was filed on September 25, 2014, and Con-Tech Car-
pentry, the assertedly delinquent employer, was served on

October 14. Service started a 21-day period for an answer, see Fed. R. Civ. P. 12(a)(1)(A)(i), giving Con-Tech until November 4. It did not meet that deadline, and on November 5 plaintiffs filed and served a motion asking the district court to find Con-Tech in default.

Con-Tech did not respond to that motion. After a hearing on December 1, which Con-Tech did not attend, Magistrate Judge Bernthal entered an order finding Con-Tech in default and giving plaintiffs 14 days to prove their damages. (Con-Tech has not argued that, by entering a default rather than recommending this step to the district judge, the magistrate judge exceeded his powers under 28 U.S.C. §636.) At this point Con-Tech could have asked the district court to vacate the default, which under Fed. R. Civ. P. 55(c) it may do for "good cause." But Con-Tech ignored the December 1 order, as it had ignored the earlier procedural steps.

Plaintiffs filed documents showing to the district judge's satisfaction that Con-Tech was delinquent in payment. Con-Tech did not reply to these documents. On January 13, 2015, the court entered a judgment in the funds' favor, awarding them about $70,000 in past-due contributions, $14,000 in interest, $7,000 in liquidated damages, $3,000 in audit costs, and $4,000 in attorneys' fees.

Meanwhile, Con-Tech had belatedly begun filing papers. Counsel for Con-Tech filed an appearance on December 30, 2014. On the same date he also filed a motion for an extension of time to answer the complaint. Given the entry of default, however, an answer was not what was required; Con-Tech needed to file a Rule 55(c) motion to vacate the default. Plaintiffs helpfully told Con-Tech just this in a document filed on January 5. Instead of filing a Rule 55(c) motion,

however, Con-Tech filed a motion for a stay in favor of arbitration. So by January 13, when the district judge turned to the subject of damages, the complaint had not been answered, a default had been entered, no Rule 55(c) motion had been filed, and Con-Tech had not contested the plaintiffs' evidentiary submissions about relief. And once the district court entered its judgment, the time to seek relief for "good cause" under Rule 55(c) expired.

Rule 55(c) says that to set aside a default judgment a litigant must file a motion under Fed. R. Civ. P. 60(b). The requirements under that rule are steeper (for example, relief under Rule 60(b)(1) depends on excusable neglect), and appellate review is deferential. See, e.g., *Moje v. Federal Hockey League, LLC*, 792 F.3d 756 (7th Cir. 2015).

Con-Tech filed a Rule 60(b) motion on January 15. The motion also invoked Rule 55(c), but too late. Con-Tech told the district judge that it had not ignored the suit but had instead started negotiating with plaintiffs' lawyers, seeking a satisfactory settlement. The judge replied that Con-Tech may not have ignored the plaintiffs' demands, but that it *had* ignored the litigation. The judge observed that it is impossible to handle a suit in which a litigant unilaterally decides to march to the beat of its own drum. A defendant can both file an answer and try to negotiate a settlement; doing the latter does not eliminate the need to do the former. The judge denied the Rule 60(b) motion, and Con-Tech appealed.

Con-Tech repeats in this court the argument the district judge rejected, but the district court did not abuse its discretion in holding Con-Tech to the Civil Rules' requirements. Con-Tech could have filed an answer and asked the district court to stay the litigation while the parties negotiated. It

was not free to keep silent and hope that the equivalent of a stay would be afforded retroactively. Con-Tech's brief in this court ignores the need to show excusable neglect; it argues instead that it had "good cause" for proceeding as it did. That's the Rule 55(c) standard, and we have explained why Rule 55(c) is not now relevant. Con-Tech has forfeited its opportunity to make an argument under the applicable legal standard. At all events, its conduct was not "neglect" of any kind. Con-Tech made a *deliberate* decision to disregard the pending suit. No district judge has to put up with that, or excuse it in retrospect.

Con-Tech thinks that plaintiffs were not chivalrous in seeking a default judgment while negotiations continued, and that may be so, but Con-Tech could have protected itself easily—and district judges are entitled to protect the judicial system from litigants such as Con-Tech who choose to play by their own rules. Con-Tech also complains that plaintiffs' motions were served on non-lawyers (Con-Tech's corporate officers and agents for service of process) and should have been sent to counsel. Yet until counsel files an appearance, which did not happen until December 30, adverse parties are supposed to serve the litigant itself, just as plaintiffs did. Fed. R. Civ. P. 5(b). Plaintiffs went beyond their legal requirements, for "[n]o service is required on a party who is in default for failing to appear." Fed. R. Civ. P. 5(a)(2).

In this court, Con-Tech maintains that it was *legally required* to spurn the judicial process. It asserts that, if it had filed an answer or any other substantive paper, it would have waived its right to arbitrate under the Federal Arbitration Act (which it mistakenly invokes, although 29 U.S.C. §1401(a)(1), part of the Multiemployer Pension Plan

Amendment Act, is the governing statute). Nonsense. True, a litigant cannot attempt to prevail in court, then seek arbitration only as a fallback. See, e.g., *Sharif v. Wellness International Network, Ltd.*, 376 F.3d 720, 726 (7th Cir. 2004); *Cabinetree of Wisconsin, Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 391 (7th Cir. 1995); *St. Mary's Medical Center of Evansville, Inc. v. Disco Aluminum Products Co.*, 969 F.2d 585, 589 (7th Cir. 1992). But nothing prevents a defendant from filing an answer that demands arbitration and offers other reasons why plaintiffs should not receive judicial relief. See, e.g., *Kawasaki Heavy Industries, Ltd. v. Bombardier Recreational Products, Inc.*, 660 F.3d 988, 993–98 (7th Cir. 2011).

Con-Tech's remaining arguments have been considered but do not require discussion. All but one concern the merits, which the district court did not reach. The one exception is a contention that the district court did not have "jurisdiction" to award damages that could benefit a non-party. That is an argument about the real party in interest, see Fed. R. Civ. P. 17(a), not about subject-matter jurisdiction.

                                                          AFFIRMED