NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 23, 2018[*]
Decided March 23, 2018

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 17-2696

| | |
|---|---|
| KENNETH B. THOMAS, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 15 C 5708 |
| BRIDGEVIEW BANK GROUP, et al., | Rebecca R. Pallmeyer, |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

More than eight months after the district court dismissed Kenneth Thomas's operative complaint, the judge reinstated the case because Thomas asserted that he did not receive emails notifying him of the dismissal. But once the judge discovered that Thomas had lied about not receiving the emails, and lied also about his income in a

---

[*] We have agreed to decide this case without oral argument because the appeal is frivolous. *See* FED. R. APP. P. 34(a)(2)(A).

motion for recruited counsel, she again dismissed the case. Because the judge properly concluded that those falsehoods justify dismissal, we affirm.

Thomas's suit was short-lived. He sued his former employer, Bridgeview Bank Group, and his former supervisors for violating antidiscrimination statutes by, among other things, firing him because of his disability. The district judge granted Thomas's request to proceed in forma pauperis. (The request stated that he was unemployed.) She later granted the defendants' motion to dismiss the complaint, but did so without prejudice. She reasoned that the complaint did not state sufficient claims under the Americans with Disabilities Act or the Family and Medical Leave Act. (These were the only claims that Thomas had exhausted administratively.) The judge granted Thomas leave to amend his complaint, his fourth in the case, within 30 days. After Thomas missed this deadline, the judge dismissed the entire case, still without prejudice, and allowed Thomas leave to seek its reinstatement within 30 days. Once that deadline passed, the court ordered the case dismissed with prejudice.

Thomas took no action until eight months after the judge dismissed his case. Then he moved to vacate the dismissal and reinstate his case under Federal Rule of Civil Procedure 60. He asserted that he had checked his email accounts, but "never received any correspondence" from the court. He learned that the court had dismissed his case only after consulting with a legal help desk. Thomas also requested recruited counsel, swearing that the assertion in his previous application for pauper status—that he was unemployed—was still true. The court granted reinstatement but also granted limited discovery relating to Thomas's emails from the court.

Discovery revealed two lies. First, Thomas admitted under oath that he had indeed received the court's emails—he simply had failed to open and read them. He also conceded that he had been employed continuously for six months before moving to reinstate the case, earning a $30,000 annual salary. Based on his conceded lies, the judge vacated the reinstatement of Thomas's case and dismissed it with prejudice.

The district court's ruling is unassailable. Thomas first argues that Rule 60(d)(2) requires reinstatement. That provision says that a court may "grant relief under 28 U.S.C. § 1655 [which deals with liens on property] to a *defendant* who was not personally notified of the action." FED. R. CIV. P. 60(d)(2) (emphasis added). But Thomas, of course, is a *plaintiff*. Next Thomas argues that he is entitled to reinstatement under Rule 60(b)(1) because his failure to check his email  was "excusable neglect" and a "mistake."  Failure to check one's email is "neglect," but it is not "excusable." *See Acosta v. DT & C Glob.*

*Mgmt., LLC*, 874 F.3d 557, 559–61 (7th Cir. 2017). And because Thomas's "mistake" resulted from carelessness, Rule 60(b) relief is inappropriate. *See McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (quoting *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 607 (7th Cir. 1986)). Thomas replies that his child-custody dispute "compromised his focus." But the district judge did not abuse her wide discretion in deciding that one personal obligation did not excuse inattention to another. *See Bakery Mach. & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009) (quoting *Swaim v. Moltan Co.*, 73 F.3d 711, 722 (7th Cir. 1996)).

We could stop there, but we also note that in Thomas's motion for recruited counsel, he lied under penalty of perjury. In that motion, Thomas had to state whether his financial status had changed, in which case he had to amend his application for pauper status. Although his status had changed—he was now employed and earning $30,000 annually—Thomas swore that the statements in his original pauper application (in which he said he was unemployed) were still "true and correct." He then used that lie to try to persuade the court to recruit him an attorney. Thomas's admitted lie about his poverty allowed the district judge to dismiss the case with prejudice. *See* 28 U.S.C. § 1915(e)(2)(A); *Thomas v. Gen. Motors Acceptance Corp.*, 288 F.3d 305, 306 (7th Cir. 2002).

AFFIRMED