In the

# United States Court of Appeals

## For the Seventh Circuit

———————————

No. 17-2275

NICK PEARSON, *et al.*,

*Plaintiffs-Appellees*,

*v.*

TARGET CORPORATION, NBTY, INC. and REXALL SUNDOWN, INC.,

*Defendants-Appellees*,

APPEAL OF: THEODORE H. FRANK,

*Objector*.

———————————

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 11 C 7972 — **John Robert Blakey**, *Judge*.

———————————

ARGUED JANUARY 16, 2018 — DECIDED JUNE 26, 2018

———————————

Before WOOD, *Chief Judge*, and ROVNER and HAMILTON, *Circuit Judges*.

WOOD, *Chief Judge*. Inequitable settlements are an unfortunate recurring bug in our system of class litigation. Federal Rule of Civil Procedure 23(e) is designed to minimize such

problems, but appeals by class members who object to a set-
tlement indicate that the system still needs improvement. All
too often, class counsel negotiate a settlement with substantial
attorneys' fees but meager benefits for the class. See, *e.g.*, *Red-
man v. RadioShack Corp.*, 768 F.3d 622, 638–39 (7th Cir. 2014).
Named plaintiffs fail to live up to their ethical obligations as
fiduciaries to the class. See, *e.g.*, *Eubank v. Pella Corp.*, 753 F.3d
718, 723–24 (7th Cir. 2014). The objector-appellant before us,
Theodore Frank, has brought problems like these to our atten-
tion before, including in an earlier appeal in this case. See, *e.g.*,
*Pearson v. NBTY, Inc.*, 772 F.3d 778 (7th Cir. 2014); *In re Subway
Footlong Sandwich Mktg. & Sales Practices Litig.*, 869 F.3d 551
(7th Cir. 2017).

But this appeal is different. It does not concern the class
settlement itself, but rather what happened after the district
court approved the settlement. Frank characterizes it as "ob-
jector blackmail": an absent class member objects to a settle-
ment with no intention of improving the settlement for the
class. Instead, the objector files her objection, appeals, and
pockets a side payment in exchange for voluntarily dismiss-
ing the appeal. A potential benefit for the class—a better set-
tlement—is leveraged for a purely personal gain—a side bar-
gain. Although Rule 23 may change at the end of this year, if
Congress allows some proposed amendments to go into ef-
fect, up until now the federal rules have not had any provision
targeted at side settlements reached on appeal. *Proposed
Amendments to the Federal Rules of Civil Procedure, Rules 5, 23,
62, and 65.1*, Slip Order at *9–15 (U.S. Apr. 26, 2018),
https://www.supremecourt.gov/orders/courtor-
ders/frcv18_5924.pdf.

In this case, three objectors voluntarily dismissed their appeals before appellate briefing began. Frank suspects that they acted in bad faith. He hoped to bring the issue to the district court's attention, but he was stymied because final judgment had already been entered with prejudice. Frank moved for a limited reopening of the case, but the district court denied that motion. Because the motion should have been granted and Frank allowed to pursue his theory, we reverse.

## I

Nick Pearson filed this suit in November 2011 on behalf of a putative class of consumers who purchased glucosamine, a dietary supplement advertised for its benefits to joint health. The class alleged that Target Corporation, NBTY, Inc., and Rexall Sundown, Inc., violated consumer protection laws by making false claims about the efficacy of the supplement. The parties reached a settlement, which the district court initially approved on January 22, 2014. Frank objected and appealed to this court. We reversed because the settlement provided outsized benefits for class counsel. *Pearson*, 772 F.3d at 787. On remand, the parties reached a new settlement, which the district court approved on August 25, 2016. The district court entered final judgment on the same day; its order reflected its approval of the settlement, which included both monetary and injunctive relief. We call this the "Settlement Judgment." The order specified that the action was being dismissed "'without prejudice' so as to allow the Court to supervise the implementation and administration of the Settlement."

Three unnamed class members—Steven Buckley, Patrick Sweeney, and Randy Nunez—objected and filed appeals. All three dismissed their appeals before briefing began. From

here the proceedings took an unusual turn. After the voluntary dismissal of the objectors' appeals, the district court entered a new order on November 18 dismissing the (already dismissed) action. Unlike the Settlement Judgment, the November dismissal was unconditional: it was entered with prejudice and was not accompanied by any order effectuating the settlement. We call this the "Post-Appeal Judgment."

On December 7, Frank moved to intervene and disgorge any side settlements made by the other three objectors. Frank claims that because the appeals were brought on behalf of the class, the class is entitled to any proceeds from the side settlements. Judge Zagel, who had presided over the case since 2012, approved a briefing schedule for the issue on December 12. But because Judge Zagel had taken senior status, the case was reassigned to Judge Blakey the next day. Judge Blakey promptly struck Frank's motion and vacated the briefing schedule, reasoning that the court lacked jurisdiction to consider the issue because the Post-Appeal Judgment had terminated all proceedings in the district court. That order, however, did not stop the named plaintiffs from moving two months later for court approval of the distribution of class settlement funds. The court denied the motion, again for want of jurisdiction, on March 6, 2017. Finally, on May 19, Frank moved under Federal Rule of Civil Procedure 60(b) to vacate the Post-Appeal Judgment and restore the Settlement Judgment as the applicable final judgment. That, he believed, would allow the court to entertain his previous motion to disgorge any side payments. The district court denied the motion the same day. Frank appealed. Because all appellees declined to file briefs, Frank was the lone party represented on appeal.

## II

### A

Before addressing the merits, we must consider whether Frank was entitled to bring a Rule 60(b) motion in the first place. Rule 60(b) contemplates relief only for "a party or its legal representative." FED. R. CIV. P. 60(b). Thus, Frank must count as a "party" to bring the motion and, consequently, to bring this appeal. Absent class members, such as Frank, "may be parties for some purposes and not for others." *Devlin v. Scardelletti*, 536 U.S. 1, 9–10 (2002). Generally, they are not parties for Rule 60(b) purposes. *In re Four Seasons Sec. Litig.*, 525 F.2d 500, 504 (10th Cir. 1975). But this is not an absolute rule. While we have never so held in a published opinion, "it has long been the general rule that some form of participation in the litigation is necessary before an unnamed class member can seek relief under Rule 60(b)." *Adelson v. Ocwen Fin. Corp.*, 621 F. App'x 348, 351 (7th Cir. 2015); see also *In re Four Seasons*, 525 F.2d at 504; 6 NEWBERG ON CLASS ACTIONS § 18:40 (5th ed. 2017); *cf. Devlin*, 536 U.S. at 10 ("The label 'party' does not indicate an absolute characteristic, but rather a conclusion about the applicability of various procedural rules that may differ based on context."). Through his objection to the initial settlement and litigation of a prior appeal, Frank has brought himself within the bounds of Rule 60(b). To hold otherwise would risk "depriv[ing] nonnamed class members of the power to preserve their own interests in a settlement." *Devlin*, 536 U.S. at 10.

### B

Rule 60(b) delineates six grounds upon which relief from a judgment can be granted. Frank invoked two in the district

court and reasserts them here: Rule 60(b)(1) ("mistake, inadvertence, surprise, or excusable neglect") and Rule 60(b)(6) ("any other reason that justifies relief"). FED. R. CIV. P. 60(b)(1), (6). The two rules are mutually exclusive—Rule 60(b)(6), as a residual catchall, applies only if the other specifically enumerated rules do not. *Brandon v. Chi. Bd. of Educ.*, 143 F.3d 293, 295 (7th Cir. 1998). This difference is of great importance if the 60(b) motion is filed outside the one-year limit prescribed for Rules 60(b)(1)–(3), see Rule 60(c)(1), but Frank's motion is timely no matter which subsection is used.

Rule 60(b)(1) applies to "errors by judicial officers as well as parties." *Wesco Prods. Co. v. Alloy Auto. Co.*, 880 F.2d 981, 984–85 (7th Cir. 1989). Rule 60(b)(6) is even more open-ended; it is flexible and gives courts "wide discretion." *Buck v. Davis*, 137 S. Ct. 759, 777 (2017). It is "available only in 'extraordinary circumstances,'" but courts may consider "a wide range of factors" to determine if "extraordinary circumstances are present." *Id.* at 777–78 (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)). Denials of Rule 60(b) motions are reviewed for abuse of discretion. *Acosta v. DT & C Glob. Mgmt., LLC*, 874 F.3d 557, 560 (7th Cir. 2017). Considerable deference to the district court is appropriate because ruling on such a motion is not "a task that gives rise to 'error' (as opposed to questionable exercise of judgment), unless the judge leaves something important out of his analysis." *Metlyn Realty Corp. v. Esmark, Inc.*, 763 F.2d 826, 831 (7th Cir. 1985).

Unfortunately, the latter is what happened in this case: the district court discussed only Rule 60(b)(1) in its order and failed to consider Frank's Rule 60(b)(6) arguments. Had Frank relied only on Rule 60(b)(1), the district court's decision would have been sound. The parties stipulated to the Post-Appeal

Judgment, and usually a strategic decision is enough to support the denial of a Rule 60(b)(1) motion. *Sadowski v. Bombardier Ltd.*, 539 F.2d 615, 618 (7th Cir. 1976) ("Rule 60(b) is not to be invoked to give relief to a party who has chosen a course of action which in retrospect appears unfortunate or where error or miscalculation is traceable really to a lack of care."); see also 11 Charles Alan Wright & Arthur Miller, FED. PRAC. & PROC. CIV. § 2858 (3d ed. 2017) (noting that "deliberately adopted stipulations" typically preclude Rule 60(b)(1) relief). But Frank also invoked Rule 60(b)(6) in his motion, and particularly noted how the class context should affect Rule 60(b)'s equitable considerations. As we have said in another context, trial judges presiding over class actions may not always "assume the passive role that is appropriate when there is a genuine adverseness between the parties." *Redman*, 768 F.3d at 629. It is fine to say that individual parties must bear the responsibility for their deliberate litigation conduct and leave it at that. But class-action cases—with all their inherent agency problems—require an extra analytical step to ensure that the interests of the class are protected.

Rule 60(b)(6) is a suitable vehicle to consider the class's interests. The Post-Appeal Judgment should have been vacated under that rule for two independent reasons. First, the principle announced in *Safeco Insurance Company of America v. American International Group*, 710 F.3d 754, 758 (7th Cir. 2013), supports 60(b)(6) relief in this case. In *Safeco*, Liberty Mutual objected to a class settlement resolving claims pertaining to another insurer's misconduct in a reinsurance pool. *Id.* at 755–56. Liberty Mutual appealed, but it moved to dismiss its appeal under Federal Rule of Appellate Procedure 42(b) after settling. *Id.* at 755. Although that motion followed a side settlement between the objector and defendant, we found no

cause for alarm. Several features of the litigation lessened the possibility that Liberty Mutual had sold out the class: all class members were sophisticated financial institutions, and Liberty Mutual's appeal implicated strong individual claims distinct from those of the class. *Id.* at 757. But we noted that if, despite these indicators of reliability, the settlement disappointed expectations, "a class member could file a motion in the district court under Fed. R. Civ. P. 60(b)(3) (misconduct by an opposing party) or 60(b)(6) ('any other reason that justifies relief')." *Id.* at 758. We now face such a situation. Objectors voluntarily dismissed their appeals. At this stage we do not know why, but there is a real risk that they did so at the expense of the class. *Safeco* points to Rule 60(b)(6) as a safety valve for precisely these situations.

In several ways, this is an easier case than the one hypothesized in *Safeco*. The compelling reasons suggesting that there was nothing unfair about the settlement in that case—a class of sophisticated financial institutions and an objector with individualized claims—are absent. This class is composed of ordinary consumers who, by terms of the settlement, could recover no more than $200 each, and likely much less. To justify even the filing fee, each objector must have been advancing claims on behalf of the class as a whole. Frank also asks for less than is typically at stake in a Rule 60(b) motion. He does not seek to unwind the class settlement or to relitigate the case. He asks only to effectuate the limited ancillary jurisdiction contemplated by the class settlement agreement. This makes the countervailing interest in finality under Rule 60(b) somewhat less compelling. Following *Safeco*, Rule 60(b)(6) relief was appropriate to ensure that no class sellout had occurred.

Second, the Post-Appeal Judgment should be vacated because the change in retained jurisdiction from the Settlement Judgment is inherently problematic. Under the earlier judgment, the district court's continuing jurisdiction over Frank's claim and other settlement disputes is clear. The dismissal was "without prejudice" specifically to allow the court to retain "exclusive jurisdiction over this action, the Parties, and all Settlement Class members to determine all matters relating in any way to the Final Judgment and Order, the Preliminary Approval Order, or the Settlement Agreement … ." Even if this Settlement Judgment had been made with prejudice, it would have allowed for ancillary enforcement jurisdiction because the terms of the settlement were embodied in a court order. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994); *Hill v. Baxter Healthcare Corp.*, 405 F.3d 572, 577 (7th Cir. 2005). By superseding the Settlement Judgment, the Post-Appeal Judgment constructively revised the settlement agreement itself. Without the agreed-upon court monitoring of the settlement, the class could no longer enforce the injunctive relief embodied in the settlement agreement or resolve issues with common fund distributions.

Material alterations to a class settlement generally require a new round of notice to the class and a new Rule 23(e) hearing. *In re Baby Prods. Antitrust Litig.*, 708 F.3d 163, 175 & n.10 (3d Cir. 2013). This requirement "may be implicated when class counsel seeks to bargain away the right to enforce portions of a previously entered settlement." *Keepseagle v. Vilsack*, 102 F. Supp. 3d 306, 313–14 (D.D.C. 2015). The Post-Appeal Judgment removed that benefit from the class without giving absent members the option to weigh in. This need not have been the case. The stipulated judgment was filed pursuant to Rule 41(a)(1)(A)(ii), which typically requires no court order to

effectuate dismissal. Nonetheless, the rule's operation is "[s]ubject to Rule[] 23(e)." FED. R. CIV. P. 41(a)(1)(A). And that rule requires district court approval (and accompanying scrutiny) for any voluntary dismissal of a class action. FED. R. CIV. P. 23(e). It does not appear that the Rule 23(e) procedures were applied to the Post-Appeal Judgment. We do not know whether class counsel intended to bargain away rights with the stipulated dismissal, or merely did so accidentally. But whatever the reason, the class was disadvantaged by the Post-Appeal Judgment and received no offsetting benefit. "Rule 60(b)(6) is fundamentally equitable in nature," *Ramirez v. United States*, 799 F.3d 845, 851 (7th Cir. 2015), and this deleterious effect on the class's interest separately supports relief under the rule. By failing to pursue these lines of analysis, the district court abused its discretion. The Post-Appeal Judgment must be vacated, and Frank must be allowed to pursue his theory pursuant to the ancillary jurisdiction preserved in the Settlement Judgment.

### III

By all accounts, selfish settlements by objectors are a serious problem. See John E. Lopatka & D. Brooks Smith, *Class Action Professional Objectors: What to do About Them?*, 39 FLA. ST. U. L. REV. 865, 871–72 (2012) (proposing an amendment to the appellate rules to allow greater appeal bonds to deter extortionate objectors); Marie Leary, STUDY OF CLASS ACTION OBJECTOR APPEALS IN THE SECOND, SEVENTH, AND NINTH CIRCUIT COURTS OF APPEALS 10 (Federal Judicial Center 2013) (finding that all 27 objector appeals in this circuit during the period studied were voluntarily dismissed). Admittedly, we are not without fault for contributing to the problem. We could have provided more scrutiny at an earlier stage before

granting the Federal Rule of Appellate Procedure 42 motion to dismiss the appeal voluntarily. As we noted above, the indicia of reliability in *Safeco* were absent. But, as we briefly noted earlier, our oversight may be of limited future consequence. The Supreme Court has transmitted to Congress an amendment of Rule 23 designed to prevent this problem from recurring. If Congress allows the amendment to go into effect, see 28 U.S.C. § 2074(a), the new Rule 23(e)(5)(B) would require district court approval, after a hearing, of any "payment or other consideration" provided for "forgoing or withdrawing an objection" or "forgoing, dismissing, or abandoning an appeal." See *Proposed Amendments to the Federal Rules of Civil Procedure, Rules 5, 23, 62, and 65.1*, Slip Order at *11 (U.S. Apr. 26, 2018), https://www.supremecourt.gov/orders/courtorders/frcv18_5924.pdf. The pending amendments to Rule 23 may solve the problem prospectively, but that does nothing for the case before us.

We have nothing to say about the merits of Frank's challenge. Indeed, we do not even know if there was anything amiss about these objector appeals. We thus refrain from discussing the remedies Frank has proposed. On remand, the parties and the court can tailor evidentiary proceedings to resolve any factual disputes before confronting the propriety of any remedy.

\* \* \*

The district court mistook the scope of its discretion and the nature of the problem before it when it denied Frank's 60(b) motion. Accordingly, we REVERSE and REMAND for further proceedings consistent with this opinion.