NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

Submitted September 27, 2011[*]
Decided December 8, 2011

*Before*

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ] | |
| | ] | |
| *Plaintiff-Appellee,* | ] | Appeal from the United States District Court for the Southern District of Illinois. |
| | ] | |
| No. 11-2111 | ] | No. 04 CR 30029-3 |
| | ] | |
| *v.* | ] | David R. Herndon, *Chief Judge*. |
| | ] | |
| QUAWNTAY ADAMS, | ] | |
| | ] | |
| *Defendant-Appellant.* | ] | |

## ORDER

Quawntay Adams was convicted of possessing in excess of 100 kilograms of marijuana with the intent to distribute, *see* 21 U.S.C. § 841(a)(1) and (b)(1)(B)(vii), conspiring to commit money laundering, *see* 18 U.S.C. § 1956(a)(1)(A)(i) and (h), and escaping and attempting to escape from custody, *see* 18 U.S.C. § 751(a). The district court ordered Adams to serve a term of 420 months in prison. In a prior appeal, we

---

[*] This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. The appeal is therefore submitted on the briefs and record. See Fed. R.App. P. 34(a)(2).

found the evidence insufficient to support Adams' conviction for conspiracy to commit money laundering as charged in Count Three of the superseding indictment but otherwise affirmed his convictions. We remanded the case to the district court with instructions "to enter a judgment of acquittal on Count Three of the third superseding indictment and for resentencing in light of that acquittal." *United States v. Adams*, 625 F.3d 371, 386 (7th Cir. 2010).

On remand, the district court convened a resentencing hearing. As it turned out, the acquittal on the money laundering charge had no effect on Adams' sentencing range. Although it had the nominal, initial effect of lowering Adams' offense level from 32 to 30, Adams' status as a career offender once again boosted the final offense level to 37 and, coupled with his criminal history, yielded a sentencing range of 360 months to life, just as it did at Adams' original sentencing. *See* U.S.S.G. § 4B1.1. The district court rejected Adams' belated contention that one of his prior convictions did not qualify as a controlled substance offense and that he consequently should not be treated as a career offender. After entertaining argument from the parties as to an appropriate sentence, the district court again sentenced Adams to a prison term of 420 months.

In this successive appeal, Adams contends that the record does not support the district court's finding that he qualifies as a career offender. Adams' criminal history includes two prior convictions which together render him a career offender: a 1993 conviction for assault on a peace officer with a deadly weapon other than a firearm, and a 1997 conviction in California for the transport or sale of a narcotic or other controlled substance. There is no dispute that the 1993 conviction constitutes a crime of violence and, as such, qualifies as one of the two predicate convictions necessary to establish Adams' career offender status. *See* U.S.S.G. § 4B1.2(a). However, Adams suggests that the 1997 California conviction does not qualify as a controlled substance offense under the career offender guideline. *See* U.S.S.G. § 4B1.2(b). Because the statute underlying Adams' 1997 conviction in California, Cal. Health & Safety Code § 11352(a), criminalizes the transportation as well as the possession and distribution of narcotics, and because the simple transportation of narcotics would not qualify as a controlled substance offense for purposes of the career offender guideline, § 4B1.2(b), Adams contends that his 1997 conviction may not qualify as a controlled substance offense. He assumes that the district court, in rejecting this contention, relied solely on the Presentence Report's characterization of the conviction as one for narcotics trafficking rather than transportation, and that the court failed to consult the relevant portions of the state judicial record, including the charging document, to determine the precise nature of the offense with which he

was actually charged in California.  *See Taylor  v. United States*, 495 U.S. 575, 602, 110 S. Ct. 2143, 2160 (1990) (describing modified categorical approach courts must follow to determine nature of prior conviction when underlying offense may be committed in several ways, one or more of which do not qualify as a predicate offense under the sentencing guidelines).  We reject this argument for the same reasons that the district court did.

First, any argument as to the nature of Adams' prior conviction has been waived.  Adams was sentenced as a career offender at his original sentencing, based in part on his 1997 conviction in California.  Yet, Adams made no argument in his prior appeal as to the adequacy of that conviction or his status as a career offender under the sentencing guidelines.  Issues that could have been raised in a prior appeal but were not are deemed waived.  *United States v. Barnes*, Nos 11-1261 & 11-1602, 2011 WL 5041710, at *5 (7th Cir. Oct. 25, 2011); *United States v. Swanson*, 483 F.3d 509, 515 (7th Cir. 2007); *United States v. Sumner*, 325 F.3d 884, 891-92 (7th Cir. 2003); *United States v. Lowell*, 256 F.3d 463, 464-65 (7th Cir. 2001).  Although we did remand Adams' case for resentencing in light of the acquittal on the money laundering charge, the scope of any such remand is limited in the first instance by a defendant's failure to raise any issues that he could have presented in his first appeal.  *United States v. Husband*, 312 F.3d 247, 250-51 (7th Cir. 2002).

Second, the remand that we ordered was for the limited purpose of resentencing "in light of" Adams' acquittal on the money laundering charge.  Nothing about that acquittal implicated Adams' status as a career offender.  Consequently, although the district court was charged by our mandate with resentencing Adams, the court was not compelled to consider any matter unrelated to the removal of the money laundering conviction from the case and the effect of that removal (if any) on the sentencing package.  This is not to say that the court's task was limited to a rote recalculation of Adams' offense level with no authority to reconsider the sentence in light of the parties' arguments, be those arguments old or new.  *Barnes*, 2011 WL 5041710, at *6-*7 (discussing *Pepper v. United States*, 131 S. Ct. 1229 (2011)).  Rather, as we recently observed in *Barnes*, "when a case is generally remanded to the district court for re-sentencing, the district court *may* entertain new arguments as necessary to effectuate its sentencing intent, but it is not *obligated* to consider any new evidence or arguments beyond [those] relevant to the issues raised on appeal."  *Id.* at *7 (emphasis added).

In any case, the belated challenge as to the nature of Adams' prior conviction fails on the merits.  The felony complaint underlying Adams' 1997 conviction, as

well as the judgment itself, are both in the record, having been attached to an "Information Charging Prior Offenses" that the government filed in advance of Adams' trial.  R. 69.  The complaint, which captions the charge as "SELL/FURNISH CONTROLLED NARCOTIC SUBSTANCE," alleges that "[o]n or about January 24, 1996[,] QUAWNTAY ADAMS did unlawfully sell, furnish, administer, and give away, and offered to sell, furnish, administer, and give away controlled substances, to wit: cocaine base, in violation of HEALTH AND SAFETY CODE SECTION 11352(a)."  R. 69-1 at 1.  The complaint thus establishes that Adams was charged not with transportation of a narcotic, but rather with the distribution and attempted distribution of a narcotic.  The district court itself pointed to the complaint's language in rejecting Adams' contention.  R. 529 29-30.  In short, the record makes clear that the court complied with its obligation under *Taylor* to ascertain the nature of the prior offense; and given the plain language of the felony complaint, the 1997 California conviction was properly treated as a controlled substance offense.

For all of these reasons, we AFFIRM the sentence imposed on remand.