NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted October 8, 2013
Decided December 17, 2013

Before

KENNETH F. RIPPLE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 13-2612

| | |
|---|---|
| SHANE BRADLEY, | Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division. |
| *Petitioner-Appellant,* | |
| v. | No. 2:11-cv-00078-WTL-DKL |
| CHARLES LOCKETT, Warden, | **William T. Lawrence**, *Judge*. |
| *Respondent-Appellee.* | |

O R D E R

In March 2004, Mr. Bradley pleaded guilty to one count of heroin distribution in the Western District of Wisconsin for which he was sentenced as a career offender. Since that time, Mr. Bradley has attempted to challenge his career-offender designation through various means. Most recently, Mr. Bradley sought, and was denied, relief from

judgment under Federal Rule of Civil Procedure 60(b)(6). Because we conclude that relief under Rule 60(b) is not available to Mr. Bradley, and that his request cannot be recharacterized in any way that might gain him the relief he seeks, we affirm the district court's judgment.

# I

## FACTUAL AND PROCEDURAL BACKGROUND

### A.

Following Mr. Bradley's plea of guilty to heroin distribution, the probation department prepared a Presentence Report, which concluded that Mr. Bradley qualified as a career offender under United States Sentencing Guidelines § 4B1.1. Specifically, Mr. Bradley was at least eighteen years of age, his offense of conviction was a felony controlled substance offense, and he had at least two prior felony convictions that were a controlled substance crimes or a crimes of violence: a Wisconsin state felony conviction for conspiracy to deliver marijuana; a Wisconsin state felony conviction for intimidation of a victim; and a Wisconsin state felony conviction for possession of THC with intent to deliver. At sentencing, Mr. Bradley did not object to these convictions, the amount of drugs involved with respect to the count to which he pleaded, or his designation as a career offender. The district court therefore sentenced Mr. Bradley under the career offender guideline to 223 months' imprisonment.

### B.

In June 2005, Mr. Bradley filed his first motion under 28 U.S.C. § 2255 alleging that his trial attorney was ineffective because he had induced Mr. Bradley to plead guilty by misrepresenting the length of incarceration he faced if he proceeded to trial and because he had failed to follow through on Mr. Bradley's request to file an appeal. Additionally, he alleged that counsel was ineffective for failing to object to his career offender status because his THC conviction was for simple possession, not possession with intent to deliver, and because his felony intimidation conviction was not a crime of violence.

Addressing first the arguments related to Mr. Bradley's career-offender designation, the district court determined that the record did not support Mr. Bradley's

claim that his THC conviction was for simple possession. *Bradley v. United States*, No. 3:03-cr-00171 (W.D. Wis.), R.75 at 4. The court also concluded that his felony intimidation conviction "was a crime of violence and even were it not, petitioner would have been classified as a career offender because of his two other felony controlled substance offenses: delivery of marijuana/conspiracy to deliver marijuana and possession of THC with intent to deliver." *Id.* With respect to his guilty plea, the district court held that Mr. Bradley's argument was barred because he had not raised the issue on appeal, nor had he shown cause and prejudice for failing to do so. *Id.* at 5. The district court did not address Mr. Bradley's argument that his counsel failed to file an appeal as requested. The district court denied a subsequent motion to alter or amend the judgment and also denied Mr. Bradley a Certificate of Appealability ("COA").

We granted the COA limited to two issues: "whether his counsel failed to file a notice of appeal, and whether his counsel gave deficient advice inducing a guilty plea." *Bradley v. United States*, 219 F. App'x 587 (7th Cir. 2007). We concluded that Mr. Bradley had made the necessary showing to obtain an evidentiary hearing on both issues and, therefore, remanded the case to the district court to hold an evidentiary hearing.

Following an evidentiary hearing, the district court denied Mr. Bradley relief under § 2255. Mr. Bradley moved to alter or amend the district court's judgment; this motion was denied as well. Mr. Bradley then filed an appeal, but we denied the request for a COA.

## C.

In August 2009, Mr. Bradley filed a motion under Federal Rule of Civil Procedure 36 to correct two clerical mistakes in his PSR:

> First, that he was convicted in the Circuit Court for Jefferson County, Wisconsin of possession of THC with intent to deliver, whereas his actual conviction was for possession of THC and drug paraphernalia. Second, that he was convicted in the same court on another occasion of victim intimidation with the threat of force or violence, in violation of Wis. Stat. § 940.45(3), whereas his actual conviction was for victim intimidation accompanied by injury or damage to property of the victim, in violation of Wis. Stat. § 940.45(2).

*Bradley v. United States*, No. 3:03-cr-171 (W.D. Wis.), R.133 at 1. The district court denied the motion. The court noted that Mr. Bradley's motion "appear[ed] to be the first step in an effort to show that he was sentenced improperly as a career offender," and that it was "too late for him to rase such a claim." *Id.* at 2. Nevertheless, "[f]or the sake of completeness," the court addressed the request to correct the PSR. *Id.* The court noted that Mr. Bradley was complaining about his conviction for possession with intent to deliver THC. It explained that,

> If defendant's copy of his judgment and conviction is correct … , defendant was convicted of possession only and not of possession with intent to deliver. In that circumstance, the offense should not have been included in the career offender calculation. If it were left out, however, there remains a Jefferson County conviction for felony delivery of marijuana and conspiracy to deliver marijuana, which defendant has not mentioned, and a second Jefferson County conviction for felony intimidation with threat of force and felony false imprisonment. Nothing in the papers defendant has submitted shows that it would have been improper to count the felony drug conviction as a prior felony controlled substance offense. As to the conviction for felony intimidation, defendant contends that he was actually convicted only of subsection (2) of Wis. Stat. [§] 940.45, which covers intimidation with injury to property, but, again, nothing in the papers he has submitted supports that contention. Even if it did, defendant has not shown that the associated charge of felony false imprisonment would not have qualified as a crime of violence.
>
> In short, defendant has shown no reason to correct his presentence report at this time.

*Id.* at 3. Mr. Bradley appealed, and we affirmed. In an order issued in March 2011, we determined that the district court was correct not to consider this a second or subsequent § 2255 motion and that it had not abused its discretion in denying the motion.

## D.

Mr. Bradley then filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. He argued that, after the Supreme Court's decision in *Johnson v. United States*, 130 S. Ct. 1265 (2010), his conviction for victim intimidation no longer qualifies as a

predicate violent felony for the career offender enhancement because it did not necessarily involve "violent force" as the Supreme Court had defined that term. *Bradley v. Lockett*, 2:11-cv-78 (S.D. Ind.), R.1 at 3. Moreover, he continued, like the Court's decision in *Begay v. United States*, 553 U.S. 137 (2008), *Johnson* should be applied retroactively. Mr. Bradley also explained that a motion under 28 U.S.C. § 2255 was inadequate to test the legality of his detention because § 2255 only permitted a second or successive petition based on a change in law if the change was "a new rule of constitutional law, made retroactive by the Supreme Court." Because *Johnson* involved the interpretation of the career offender statute, as opposed to a rule of constitutional law, he could not proceed under § 2255. Under such circumstances, he argued, our case law allowed him to proceed with his habeas petition under § 2241. *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998).

The district court denied this motion in March 2012. It held that "[c]ontrolling and persuasive authority dictates that the savings clause embodied in § 2255(e) requires a claim of actual innocence directed to the underlying conviction, not merely the sentence." *Bradley v. Lockett*, No. 2:11-cv-78 (S.D. Ind. Mar. 16, 2012). Because Mr. "Bradley ha[d] not been convicted of a non-existent offense, nor [wa]s he factually innocent of the conviction for which he [was] serving a sentence," he could not invoke § 2241 as a means for challenging his sentence. *Id.* Mr. Bradley again appealed.

On appeal, we noted that Mr. Bradley "correctly [had] argue[d] that under recent precedent, 'a sentencing error is cognizable on collateral review "where a change in the law reduces the defendant's statutory maximum sentence below the imposed sentence."' *Narvaez v. United States*, 674 F.3d 621, 628-30 (7th Cir. 2011)." *Bradley v. Lockett*, No. 12-2185, at 2 (7th Cir. July 16, 2012). The panel went on to conclude, however, that Mr. Bradley's "claim still fail[ed]" because his "statutory maximum sentence of 30 years would remain unchanged regardless of the career offender determination, and is well above the imposed sentence of 223 months." *Id.* Mr. Bradley moved for panel rehearing and rehearing en banc, but that motion was denied. He did not file a petition for writ of certiorari.

**E.**

Mr. Bradley next attempted to test the legality of his sentence through a motion for relief from judgment and a motion to recall the mandate; both were denied by the district court. His latest effort is a second motion for relief from judgment under Federal Rule of Civil Procedure 60(b). Before the district court, Mr. Bradley maintained

that the prior panel never reached the merits of his § 2241 motion and that he therefore can employ Rule 60(b) as a means of "'attack[ing] . . . [a] defect in the federal habeas proceedings.'" *Bradley v. Lockett*, No. 2:11-cv-78 (S.D. Ind.), R.45 at 1 (quoting *Gonzales v. Crosby*, 545 U.S. 524, 532 (2005)). The district court denied the petition on three grounds: (1) The argument that it had erred in its analysis of his habeas claim was not within the scope of Rule 60(b); (2) the motion was not filed within one year from the date the judgment was entered on the clerk's docket; and (3) an intervening change in law does not constitute extraordinary circumstances required for relief under Rule 60(b)(6). Mr. Bradley appealed.

## II

### DISCUSSION

On appeal, Mr. Bradley acknowledges that, because he already has argued to the prior panel that *Narvaez* and other authorities require his resentencing, it may "appear to the reader … that [he] is attempting to use this appeal of his 60(b) Motion as a substitute for an appeal of the denial of his habeas corpus petition brought under 28 U.S.C. § 2241." *Bradley v. Lockett*, No. 13-2612 (7th Cir.), Pet'n'r's Mem. 1. Nevertheless, he argues that the Supreme Court's holding in *Gonzales v. Crosby*, 545 U.S. 524 (2005), allows him to pursue the present motion, which, he claims, is directed at a "'defect in the Federal habeas proceedings,'" and not the merits of his underlying claim for relief. *Id.* at 14 (quoting *Gonzales*, 545 U.S. at 532).

### A.

Before considering the application of *Gonzales* to the present case, it is necessary first to understand the prior panel's prior decision with respect to Mr. Bradley's § 2241 motion. As noted previously, in his appeal from the denial of his § 2241 motion, Mr. Bradley relied heavily on our decision in *Narvaez*, 674 F.3d 621. In *Narvaez*, we acknowledged the general rule "that sentencing errors are generally not cognizable on collateral review, especially when such errors can be raised on direct appeal." 674 F.3d at 627. The circumstances presented to us in that case, however, "present[ed] a special and very narrow exception: A postconviction clarification in the law ha[d] rendered the sentencing court's decision unlawful." *Id.* We explained:

> This case … involves the classifying of an individual as belonging

to a subgroup of defendants, repeated violent offenders, that traditionally has been treated very differently from other offenders. To classify Mr. Narvaez as belonging to this group and therefore to increase, dramatically, the point of departure for his sentence is certainly as serious as the most grievous misinformation that has been the basis for granting habeas relief.

*Id.* at 629.

In considering Mr. Bradley's appeal from his § 2241 motion, the previous panel of this court acknowledged the possible application of *Narvaez*. Nevertheless, it determined that the district court's dismissal of Mr. Bradley's petition should be affirmed because, although Mr. Bradley had been sentenced as a career offender, his sentence of 223 months' imprisonment was below the statutory maximum of 360 months. On that ground, the prior panel of this court concluded that Mr. Bradley was not entitled to relief. This conclusion, however, was in error. *Narvaez* makes clear that whether a defendant's sentence is below the statutory maximum "is not alone determinative of whether a miscarriage of justice occurred," *id.* at 629, and holds that defendants who incorrectly have been sentenced as career offenders may challenge that designation in a collateral attack, *id.* at 629–30. *Brown v. Caraway*, 719 F.3d 583, 587-88 (7th Cir. 2013), confirms this holding.

The question, therefore, is whether Mr. Bradley, consistent with governing habeas law, may seek redress of the panel's error in ruling on his § 2241 motion. Our analysis begins with the governing habeas statutes.

**B.**

Section 2244(a) of Title 28 provides:

No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

Here, Mr. Bradley has challenged previously both the legality of his detention in his

original § 2255 motion that raised ineffective assistance of counsel claims and also the legality of his sentence in his § 2241 motion that raised the impropriety of using his victim-intimidation conviction as a predicate offense for application of the career offender guideline. Thus, in order to pursue a second challenge to his detention or sentence, he must satisfy the requirements for a second or successive petition under § 2255(h).[1]

Mr. Bradley, however, maintains that he is not pursuing a second challenge to his sentence, but that he is seeking to correct a procedural error in the court's application of the habeas statutes. Consequently, under the authority of *Gonzales*, his claim may proceed as long as he makes the necessary showing for relief under Rule 60. We do not believe that *Gonzales* can be read in such a way as to allow Mr. Bradley to go forward with his motion.

*Gonzales* concerned a state prisoner who had petitioned for and been denied habeas relief on the ground that his petition was untimely. A subsequent Supreme Court[2] case revealed that the rule applied by the lower court in dismissing the petition was erroneous. The prisoner therefore filed a motion for relief from judgment pursuant to Rule 60(b). Before the Court was the question "whether, in a habeas case, such motions are subject to the additional restrictions that apply to 'second or successive' habeas corpus petitions under the provisions of the Antiterrorism and Effective Death Penalty Act of 1966 (AEDPA), codified at 28 U.S.C. § 2244(b)." *Gonzales*, 545 U.S. at 526. The Court noted that

---

[1] 28 U.S.C. § 2255(h) provides:

(h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

[2] *See Artuz v. Bennett*, 531 U.S. 4 (2000).

> AEDPA did not expressly circumscribe the operation of Rule 60(b)… . The new habeas restrictions introduced by AEDPA are made indirectly relevant, however, by the fact that Rule 60(b), like the rest of the Rules of Civil Procedure, applies in habeas corpus proceedings under 28 U.S.C. § 2254 only "to the extent that [it is] not inconsistent with" applicable federal statutory provisions and rules.

*Id.* at 529 (quoting 28 U.S.C. § 2254 Rule 11) (footnote omitted). The Court observed that there were three requirements on second or successive habeas petitions:

> First, any claim that has already been adjudicated in a previous petition must be dismissed. § 2244(b)(1). Second, any claim that has not already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence. § 2244(b)(2). Third, before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions.

*Id.* at 529-30. The first step in the analysis in determining whether the movant's Rule 60(b) motion fell within these prohibitions, therefore, was to determine the "claim"–"an asserted federal basis for relief from a state court's judgment of conviction"–being presented. *Id.* at 531.

The Court then identified several kinds of "claims" that a petitioner might bring, including a petition that "attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.* at 532 (emphasis in original) (footnote omitted). The Court explained that a decision "on the merits" is "a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief … . When a movant asserts one of those grounds (or asserts a previous ruling regarding one of those grounds was in error) he is making a habeas corpus claim." *Id.* at 532 n.4.

The Court distinguished such a scenario from one in which the movant "merely asserts that a previous ruling which precluded a merits determination was in error–for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id.* "If," the Court continued,

neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules. Petitioner's motion in the present case, which alleges that the federal courts misapplied the federal statute of limitations set out in § 2244(d), fits this description.

*Id.* at 533.[3]

**C.**

In the case presently before us, Mr. Bradley analogizes this court's misapplication of *Narvaez* with respect to his § 2241 motion to the tolling error of the district court in *Gonzales*. We do not believe this is an apt comparison. *Narvaez* concerns the availability of substantive relief. In *Narvaez*, we carved out an exception to the general rule that sentencing errors are not cognizable on habeas review for those who had been designated as career offenders under the then-mandatory Guidelines on the basis of crimes that no longer qualified as violent felonies. In other words, we recognized a new substantive right. *Narvaez* concerned whether relief was available to a category of prisoners, not, as in *Gonzales*, when, where or by what means that relief could be had. The prior panel's error with respect to Mr. Bradley's § 2241 appeal was its belief that Mr. Bradley fell outside of this category because his sentence was under the maximum authorized by statute. As a result of the prior panel's conclusion, it did not have to

---

[3] Nevertheless, the Court determined that the petitioner was not entitled to relief under Rule 60(b) because he could not satisfy the requirements of that rule. Specifically, a litigant seeking relief under Rule 60(b)(6) had to establish "'extraordinary circumstances' justifying the reopening of the final judgment," which, the Court noted "rarely occur[red] in the habeas context." *Id.* at 535. It explained:

> Petitioner's only ground for reopening the judgment denying his first federal habeas petition is that our [later] decision … showed the error of the District Court's statute-of-limitations ruling. … It is hardly extraordinary that subsequently, after petitioner's case was no longer pending, this Court arrived at a different interpretation.

*Id.* at 536.

reach the question whether Mr. Bradley's victim-intimidation conviction qualified as a predicate violent felony for purposes of § 4B1.1.  Nevertheless, its decision was a substantive one:  It upheld the legality of Mr. Bradley's sentence.

In short, the prior panel's decision with respect to Mr. Bradley's § 2241 motion was a "determination that there … do not exist grounds entitling [Mr. Bradley] to habeas corpus relief."  *Id.*  Therefore, Mr. Bradley's present attempt to have us revisit this ruling is a claim on the merits.  *See id.* at 532 ("A motion can also be said to bring a 'claim' if it attacks the federal court's previous resolution of a claim on the merits.").  His current motion, therefore, styled as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(6), is a subsequent habeas application subject to the strictures of 28 U.S.C. § 2255(h).  *See supra* note 1.  Mr. Bradley has not argued, and, indeed, could not argue, that the motion presently before the court meets these requirements.  We therefore must affirm the denial of Mr. Bradley's motion.