In the

# United States Court of Appeals

## For the Seventh Circuit

Nos. 16-2177, 16-3578, 16-4207

QUAWNTAY ADAMS,

*Petitioner-Appellant,*

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

Appeals from the United States District Court for the
Southern District of Illinois.
No. 13-cv-170 — **David R. Herndon**, *Judge.*

ARGUED SEPTEMBER 25, 2018 — DECIDED DECEMBER 13, 2018

Before KANNE, ROVNER, and BARRETT, *Circuit Judges.*

ROVNER, *Circuit Judge.* After losing his motion for post-conviction relief under 28 U.S.C. §2255, Quawntay Adams filed a motion to reopen the proceedings in the district court under Federal Rule of Civil Procedure 60(b). Because we conclude that the motion under Rule 60(b) was merely an appeal of issues already addressed in the initial motion, it amounted to an unauthorized, second motion under 28 U.S.C. §2255

which the district court lacked jurisdiction to review. We affirm.

## I.

Quawntay Adams was convicted by a jury of possessing, with intent to distribute, 100 kilograms or more of marijuana, conspiracy to commit money laundering, attempting to escape, and escaping from federal custody. Before trial, the government announced that it intended to use his prior California state court conviction for a felony drug offense to increase his potential sentence. This conviction elevated his statutory maximum term of imprisonment from forty years to life. At sentencing, the district court also used this prior conviction as one of two predicate convictions under the career offender guideline of the United States Sentencing Guidelines (U.S.S.G. or Guidelines).[1] As a career offender, Adams faced a Guidelines sentencing range of 360 months to life. Adams' counsel did not object to the use of this 1997 California state court conviction as a predicate offense. At sentencing, the district court concluded that Adams qualified as a career offender and sentenced him to 420 months in prison.

On appeal, Adams' counsel did not raise any sentencing issues and alleged only a speedy trial violation and disputed the sufficiency of the evidence on two counts of conviction. In response to his insufficiency argument, this court vacated the money laundering conviction, but otherwise affirmed the judgment of conviction, and remanded to the district court for resentencing. *United States v. Adams*, 625 F.3d 371 (7th Cir. 2010) (Adams' first direct appeal).

---

[1] The other predicate offense is not at issue.

During his remand for re-sentencing, Adams argued that he was misclassified as a career offender because his conviction for selling a controlled substance under California law was not a controlled substance offense as defined under the Sentencing Guidelines. The district court rejected this argument for two reasons. First, the district court reasoned that the argument had been waived as it had not been raised during Adams' initial sentencing and appeal. (Criminal R. 529 at 29). Second, the district court found that, on the merits, Adams' California controlled substance offense was indeed a controlled substance offense under the Guidelines. *Id.* In so deciding, the district court relied on the language of a document in the California criminal court's record entitled "Complaint-Felony" to determine the nature of Adams' state court crime. That complaint made clear that Adams had been convicted of selling cocaine—an act which is indisputably a controlled substance offense under the Guidelines. Unbeknownst to the court, however, Adams was actually convicted under a different California court filing called a "Second Amended Information" and not the Complaint. Consequently, the court should have relied on the former document and not the latter. Nevertheless, as we will discuss further, because the language of the charge in the two documents was identical, and for other reasons, the error did not have any effect. At re-sentencing, the district court imposed the same sentence—420 months. *United States v. Adams*, No. 04-CR-30029 (S.D. Ill. May 12, 2011) (Criminal R. No. 523). This court affirmed the district court with similar reasoning. *United States v. Adams*, 451 F. App'x 576 (7th Cir. 2011) (second direct appeal).

Adams then filed a pro se motion to vacate his sentence under 28 U.S.C. §2255. In this §2255 motion, Adams raised

fourteen grounds that he alleged entitled him to post-conviction relief. Among these were claims that his previous attorneys were ineffective for failing to object to the use of the 1997 conviction to classify him as a career offender—the only claim at issue here. As foundation for this argument, Adams argued that an offense under the California statute was not categorically a controlled substance offense under the Guidelines. He also argued that it was error for the court to rely on the Complaint rather than the Second Amended Information as the charging document, and therefore his counsel was ineffective for failing to object on both grounds. The district court denied the motion, reasoning that counsel was not ineffective and his claims had no merit. On appeal of the denial of the motion, Adams raised the same issues—that the underlying offense was not a controlled substance offense, that the court had considered the incorrect charging documents, and his counsel was ineffective for not raising these matters. This court denied Adams' certificate of appealability on June 12, 2014. *Adams v. United States*, No. 14-1010 (7th Cir. June 12, 2014) (Appellate R. 14).

Without a certificate of appealability, Adams' options for further court review were limited. Consequently, he turned to one of the few options that remain after a court has rendered a final decision—Federal Rule of Civil Procedure 60(b). This rule allows a court "to relieve a party … from a final judgment, order, or proceeding for" a number of exceptional reasons. Fed. R. Civ. P. 60(b). Adams filed such a motion to reopen the proceedings in the district court under Fed. R. Civ. P. 60(b)(6), which allows a court to relieve the party from a final judgment for "any other reason that justifies relief," arguing the following: (1) the district court relied on the Complaint instead of the Second Amended Information when

considering his California conviction; (2) the Court of Appeals' erroneous opinion in the second appeal was later construed as law of the case and caused the district court to dismiss the ineffective assistance of counsel claim, thus denying him fair review under §2255; (3) the Seventh Circuit failed to notify him of the denial of his request for a certificate of appealability; and (4) he was not represented by counsel during his §2255 proceedings and therefore should not be procedurally barred as the result of any mistakes in that proceeding. The district court denied this first Rule 60(b)(6) motion based on the fact that the motion was simply a disguised successive and unauthorized §2255 motion. The court concluded that it had already considered his career offender status and the corresponding enhanced sentence along with his ineffective assistance claim.

When the district court denied the motion, Adams asked for reconsideration. The court denied that request and later denied another Rule 60(b) motion to reopen. *Adams v. United States*, No. 13-cv-170-DRH, (Aug. 8, 2016) (§2255 R. 56); *Adams v. United States*, No. 13-cv-170-DRH, (Dec. 7, 2016) (§2255 R. 66). Adams appealed from each of the denials and the court consolidated those appeals. This court granted a certificate of appealability for the consolidated appeals asking the parties to address whether Adams has a debatable claim that his sentence is illegal. *Adams v. United States*, No. 16-2177 (7th Cir. Jan. 13, 2017) (Appellate R. 12).

Because there are so many district court and appellate court decisions, and because our opinion ultimately rests on a procedural ground regarding the order and opportunities presented through each appeal, we present them as follows in a chart:

| Court | Date | No. | Relevant holding or out-come |
|-------|------|-----|------------------------------|
| S.D.Ill. | 12-15-08 | 04cr30029drh | Conviction for possession, distribution, money laundering & escape |
| CTA7 | 10-25-10 | 08-4205 | Vacated money laundering and remanded for resentencing (first direct appeal) |
| S.D.Ill. | 5-12-11 | 04cr30029drh | Resentenced on remaining counts of conviction |
| CTA7 | 12-8-11 | 11-2111 | Affirmed sentences (second direct appeal) |
| S.D.Ill. | 12-3-13 | 13cv170drh | §2255 motion to vacate sentence denied |
| CTA7 | 6-12-14 | 14-1010 | Request for certificate of appealability denied |
| S.D.Ill. | 4-26-16 | 13cv170drh | Motion to reopen under 60(b) denied |
| S.D.Ill. | 8-8-16 | 13cv170drh | Motion to reconsider denial under 60(b)denied |
| S.D.Ill. | 12-7-16 | 13cv170drh | Second Motion to reopen under 60(b) denied |
| CTA7 | 1-13-17 | 16-2177, 16-3578 & 16-4207 | Granted certificate of appealability and & consolidated appeals in final 3 D.Ct. opinions. |

In this appeal, Adams presents only the denial of the first 60(b) motion (7th Cir. case No. 16-2177, Appeal of 13cv170DRH, district court record No. 45, April 26, 2016). He does not object to this court dismissing the appeal of the motion to reconsider the denial of the motion under 60(b) (7th Cir. case No. 16-3578, Appeal of 13cv170DRH, District court record No. 56, August 8, 2016), or the appeal of the second motion to reopen under 60(b) (7th Cir. case No. 16-4207, Appeal of 13cv170DRH, district court record No. 66, December 7, 2016).

We conclude that the district court was well within its discretion to deny Adams' Rule 60(b) motion to reopen his §2255 proceedings claiming ineffective assistance of counsel.

## II.

### A.    Legitimate uses for Rule 60(b) and §2255 motions.

Not even an omniscient judge could anticipate the many complexities that can come to pass in law and life. Rule 60, therefore, "gives district courts the power and discretion to modify their judgments when truly new facts come to light or when the judge recognizes an error and believes it should be corrected." *Kennedy v. Schneider Elec.*, 893 F.3d 414, 419 (7th Cir. 2018). But as we have noted time and again, Rule 60(b) provides relief only in the most "extraordinary situations where a judgment is the inadvertent product of special circumstances and not merely erroneous application of law." *Id.* (internal citations omitted). And a party invoking Rule 60(b) must claim grounds for relief that could not have been used to obtain a reversal by means of a direct appeal. *Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 667 (7th Cir. 2014). Not only is Rule 60(b) relief available only in extraordinary

circumstances, but once a district court has denied that relief, those "proceedings are subject to only limited and deferential appellate review." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). We review a court's decision to deny Rule 60(b) for an abuse of discretion only. *Pearson v. Target Corp.*, 893 F.3d 980, 984 (7th Cir. 2018). In short, Adams is swimming upstream.

Rule 60(b) relief is thus different than post-conviction relief under 28 U.S.C. §2255 which is meant to challenge a sentence "upon the ground that the sentence was imposed in violation of the Constitution, or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack … ." 28 U.S.C. §2255(a). Ordinarily a defendant has but one chance at post-conviction relief under 28 U.S.C. §2255 to set aside or correct his sentence, except in the case of newly discovered evidence or a new rule of retroactively applied constitutional law—neither of which is at issue here. See 28 U.S.C. §2255(h). The Antiterrorism and Effective Death Penalty Act requires a prisoner to receive the prior approval of the Court of Appeals before filing a second or successive motion under §2255. See 28 U.S.C. §2255 (h); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). "No matter how powerful a petitioner's showing, only this [appellate] court may authorize the commencement of a second or successive petition. … From the district court's perspective, it is an allocation of subject-matter jurisdiction to the court of appeals. A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Nunez*, 96 F.3d at 991 (emphasis in original).

Therefore, if a Rule 60(b) motion is, in its essence, merely asking for relief that one would ask for in a motion under §2255, such a motion would be subject to the same restrictions or requirements for successive habeas petitions. *Gonzalez*, 545 U.S. at 529–30. According to the Supreme Court, therefore, a prisoner may not use a Rule 60(b) motion to "attack[] the federal court's previous resolution of a [habeas or §2255] claim *on the merits*." *Id.* at 532 (emphasis in original). Such an attack, the court reasoned, is essentially just another claim for post-conviction relief. *Id*. As the Supreme Court explained in *Gonzalez*:

> First, any claim that has already been adjudicated in a previous petition must be dismissed. § 2244(b)(1). Second, any claim that has *not* already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence. § 2244(b)(2). Third, before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions.

*Gonzalez*, 545 U.S. at 529–30 (emphasis in original). A prisoner could, however, file a viable 60(b) motion after a failed §2255 attempt, if his claim is that a procedural error precluded him from receiving a determination on the merits—for example, a claim that the federal court misapplied a statute of limitations, errantly determined that a party had failed to exhaust, or a claim of fraud on the court. *Id.* at 532 & n.4, 5. See also, *Bradley*

*v. Lockett*, 549 F. Appx. 545, 550–52 (7th Cir. 2013).[2] In short, no matter what label a litigant gives to the motion, any post-judgment motion in a criminal proceeding that falls within the scope of §2255 is considered a motion under §2255. *See Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004). In other words, if it looks like a successive §2255 motion, it is a successive §2255 motion even if it is dressed in Rule 60(b) clothing. Thus when a petitioner has already been heard in post-conviction proceedings and then attempts to reopen those proceedings by moving under Rule 60(b), the district court's first task is to determine whether the petitioner "has in reality filed an unauthorized second or successive peti-tion." *Ramirez v. United States*, 799 F.3d 845, 850 (7th Cir. 2015). Otherwise Rule 60 could be used to circumvent the statutory limitation on successive motions under §2255. See *Gonzalez*, 545 U.S. at 531–32.

**B.  The legal and procedural significance of Adams' §2255 motion and subsequent 60(b) motion.**

Because the resolution of this case hinges on the determi-nation of whether Adams filed a legitimate Rule 60(b) motion or an unauthorized second motion under §2255, we must look to see what exactly Adams argued and the district court de-cided in the decision denying Adams' §2255 motion. *Adams v. U.S.*, No. 13-cv-170-DRH, (Dec. 3, 2013) (§2255 R. at 20) ("§2255 Decision"). In that motion, Adams argued, among other things, that his counsel was ineffective for failing to

---

[2] Abandonment by counsel might qualify as a procedural defect. See *Ramirez v. United States*, 799 F.3d 845, 854 (7th Cir. 2015). Adams did not make this claim below and specifically concedes that he is not bringing the claim here. See (Adams' Reply Brief at 17). He claims that it is merely an "equity favoring his Rule 60(b) motion." *Id.* at 17–19.

challenge the district court's finding that his prior California drug offense qualified as a controlled substance offense pursuant to U.S.S.G. §4B1.2(b), and that the court had relied on the incorrect charging document in determining that he was a career offender. (§2255 R. 1 at 30-35).

In order to understand Adams' claim of ineffectiveness of counsel, we need to take even one step further back and note that under U.S.S.G. §4B1.1, a defendant is considered to be a career offender if he "has at least two prior felony convictions of either a crime of violence or a controlled substance." U.S.S.G. §4B1.1(b).

> The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. §4B1.2(b).[3] When looking to see whether a prior crime meets the Guidelines' definition, we look at the crime categorically. That is, we look only at the elements of the offense and not the facts underlying the conviction. *Descamps v. United States*, 570 U.S. 254, 261 (2013); *United States v. Mancillas*, 880 F.3d 297, 303 (7th Cir. 2018) (applying the categorical approach to prior offenses for Guidelines calculations). Although if a statute is divisible—that is, it contains alternative

---

[3] Because Adams was sentenced in 2008, we refer to the Guidelines from that year, which, it turns out, are identical to the current Guidelines.

elements of the crime—a court may review certain limited record materials, such as charging papers and plea agreements, to discover which of the enumerated alternatives played a part in the defendant's prior conviction. *United States v. Enoch*, 865 F.3d 575, 579–80 (7th Cir. 2017), *cert. denied,* 138 S. Ct. 1015 (2018), citing *Shepard v. United States*, 544 U.S. 13, 16 (2005). The permissible documents are sometimes referred to as "*Shepard* documents," after this latter Supreme Court case which elucidated them. *Shepard*, 544 U.S. at 16; see also *Enoch*, 865 F.3d at 580. For purposes of this review, Adams concedes that the sentencing court was entitled to rely on *Shepard* documents to determine whether his crime qualified as a controlled substance offense under the Guidelines. See (Adams' Brief at 26-27). [4]

Adams argues, however, that the district court in both his initial sentencing and then again on remand for re-sentencing, did not rely on a proper *Shepard* document, and that, his counsel was ineffective for not objecting to the error. Adams points out that the sentencing judge looked at the California "Complaint" rather than the California "Second Amended Information." As a technical matter, Adams is correct. The court looked at the wrong document and Adams' counsel failed to object to this error. It turns out, however, that the charges in the two documents were identical. Both state:

> On or about January 24, 1996, QUAWNTAY
> ADAMS did unlawfully sell, furnish,

---

[4] Adams argues that the California crime was not a divisible one, but that even if it was, the district court referred to the incorrect *Shepard* documents. He concedes, for purposes of this appeal, that counsel was not ineffective for failing to make that argument and thus it need not be decided here.

administer, and give away, and offered to sell, furnish, administer, and give away controlled substances, to wit: cocaine base, in violation of HEALTH AND SAFETY CODE SECTION 11352(a).

See (§2255 R. 78; R. 78-1).[5] Had Adams' counsel objected to the reference to the Complaint, the court merely would have turned to the identically worded Second Amended Information and the result would have been the same. This is precisely what the §2255 court concluded—that Adams did "not provide an argument as to how [the Second Amended Information] would demonstrate that his conviction does not qualify as a controlled substance offense." (§2255 R. 20 at 25, n.6). And Adams' counsel could not have been ineffective for failing to raise an argument that would have had no impact on the result whatsoever.

Adams' second argument in his §2255 motion alleged that his counsel was ineffective for failing to argue that his prior conviction fell outside of the definition of a "controlled substance offense" as described in the Guidelines. As we noted earlier, in order to count as a controlled substance offense under the Guidelines, the state crime must align with the definition of a controlled substance offense under the federal Guidelines. Adams argued in his §2255 motion that the California statute under which he was convicted did not so align. Specifically, Adams argued that the California statute also criminalized mere "transportation" of controlled substances

---

[5] The only difference between the two documents is that the Second Amended Information contained a comma after "1996," and the Complaint did not.

as well as possession and distribution of them, while the
Guidelines do not count "transportation" as a controlled sub-
stance offense.[6] And because, under a categorical approach, a
court cannot know in which conduct Adams participated un-
der the California statute, the district court could not be sure
that he had met the definition of a controlled substance of-
fense as described in the Guidelines. In other words, he ar-
gued, we cannot look behind the face of the offense to see
whether he merely transported cocaine as opposed to selling
it. See *Descamps*, 133 S. Ct. at 2283. Therefore, Adams argued,
the government failed to carry its burden and prove that he
had pled guilty to selling cocaine or any of the other require-
ments in U.S.S.G. §4B1.2, and his counsel was therefore inef-
fective for failing to make this argument.

In his Rule 60(b) motion and now on appeal, Adams
makes the same argument about "offers to sell" drugs that he
made about transporting them—that is, that his lawyers were
ineffective for failing to argue that his California conviction
could have been merely for "offering to sell" cocaine, which

---

[6] The California statute under which Adams was convicted states, "(a)
Except as otherwise provided in this division, every person who trans-
ports, imports into this state, sells, furnishes, administers, or gives away,
or offers to transport, import into this state, sell, furnish, administer, or
give away, or attempts to import into this state or transport (1) any con-
trolled substance specified in subdivision (b), (c), or (e), or paragraph (1)
of subdivision (f) of Section 11054, specified in paragraph (14), (15), or (20)
of subdivision (d) of Section 11054, or specified in subdivision (b) or (c) of
Section 11055, or specified in subdivision (h) of Section 11056, or (2) any
controlled substance classified in Schedule III, IV, or V which is a narcotic
drug, unless upon the written prescription of a physician, dentist, podia-
trist, or veterinarian licensed to practice in this state, shall be punished by
imprisonment pursuant to subdivision (h) of Section 1170 of the Penal
Code for three, four, or five years. Cal. Health & Safety Code § 11352.

would not have qualified as a controlled substance offense under the Guidelines. But Adams concedes for purposes of this argument that the sentencing court was entitled to look beyond the face of the conviction, and both the Complaint and the Second Amended Information made it clear that Adams "did unlawfully sell … **and** offered to sell … cocaine base." (§2255 R. 78 & 78-1). Therefore, a court need not determine whether mere "offers to sell" qualify as controlled substance offenses under the Guidelines because the sentencing court correctly determined that Adams was also convicted of *selling* cocaine which is indisputably a controlled substance offense under the Guidelines.

But even if we were required to delve into this topic, we would note that the Ninth Circuit has held that "offering to sell" a controlled substance under the California statute is a controlled substance offense for purposes of the Guidelines. *United States v. Wade*, 717 F. App'x 656, 658 (9th Cir. 2017) (noting that the defendant "was convicted of selling and offering to sell cocaine base" and that "[b]oth of those offenses are controlled substance offenses"); *United States v. Lee*, 704 F.3d 785, 790 n.3 (9th Cir. 2012) (noting that under the law of that circuit solicitation or "offering to sell" qualifies as a controlled substance offense.); *United States v. Shumate*, 329 F.3d 1026, 1032 (9th Cir.), *amended on denial of reh'g,* 341 F.3d 852 (9th Cir. 2003) ("solicitation is also enough to dub his conviction a predicate offense for the purposes of USSG § 4B1.").[7]

_____

[7] Adams argues that there are conflicting cases in the Ninth Circuit on the issue of whether "offering to sell" is a controlled substance offense under the Guidelines, citing *United States v. Martinez-Lopez*, 864 F.3d 1034, 1038 (9th Cir.), *cert. denied,* 138 S. Ct. 523 (2017). In another case however, the Ninth Circuit explained that cases involving the aggravated felony

In denying Adams' §2255 motion, the district court rejected Adams' claim on the merits, noting that both the district court at sentencing and this court on direct appeal considered the language of the Complaint (which is identical to that in the Second Amended Information) itself and determined that Adams did "sell, furnish, administer, and give away … cocaine base." §2255 decision at 25; *Adams*, 451 F. App'x at 579. Thus both the district court and the Seventh Circuit reasonably concluded that Adams was charged with "the distribution and attempted distribution of a narcotic," and therefore he had committed a crime under "state law … that prohibits the … distribution … of a controlled substance" as described in U.S.S.G. §4B1.2(b). *Adams*, 451 F. App'x at 579. And because the court complied with its obligation to ascertain the nature of the prior offense, the district court, considering the motion for relief under §2255, concluded that Adams' counsel could not have been ineffective for failing to raise this argument.

This was a long explanation of an order that is not technically before us today—the denial of Adams' motion under 28 U.S.C. §2255. But we must consider it in order to decide whether Adams' Rule 60(b) motion was merely attacking the merits of the §2255 decision or raised a defect in the proceedings that is properly cognizable under Rule 60(b). See *Gonzalez*, 545 U.S. at 532. Adams, after all, has already appealed the denial of the §2255 motion to this court and lost. *United States*

---

provisions of the immigration-related Guidelines, such as those at issue in *Martinez-Lopez,* are not equivalent to cases involving the career offender provision of the Guidelines, as the former are constrained by other statutes addressing immigration, while the latter is not. See *Shumate*, 329 F.3d at 1030 n.5.

*v. Adams,* No. 14-1010 (7th Cir. June 12, 2014) (Appellate R. 14). It was at that point that Adams moved the district court, under Federal Rule of 60(b) to reopen the matter. And thus we are back to where we began—reminding Adams that Rule 60(b) can only be used in extraordinary circumstances and that we defer to the district court's discretion in granting or denying such a motion. And a litigant's failure to raise an issue on appeal is not an "extraordinary" event that justifies relief under Rule 60(b). *Hill v. Rios*, 722 F.3d 937, 938–39 (7th Cir. 2013).

**C. The district court correctly determined that the 60(b) motion was, in actuality, an attack on the merits.**

The district court, ruling on the Rule 60(b) motion, found that Adams' motion to reopen under Rule 60(b) in reality was simply "another attack on his sentence and the approach taken in factoring in his prior convictions," and yet another duplicative claim of ineffective assistance of counsel. (§2255 R. 45 at 3). Consequently, the district court concluded that Adams had not alleged a defect in the proceedings but rather his "pleadings clearly represent a successive and unauthorized §2255 petition." *Id.* We see no reason to disrupt the district court's reasonable conclusion.

In the Rule 60(b) motion that we review here, Adams challenged his career offender status and made additional claims of ineffective assistance of counsel. He argued first that his counsel was ineffective for failing to object to the fact that the district court consulted the wrong California documents to determine if he was a career offender. Second, he argued that his counsel was ineffective for failing to argue to the district court and the court of appeals that his prior offense under California law for selling cocaine fell outside of the definition of

a "controlled substance offense" under the Guidelines. But the district court considered and rejected both of these argument in the §2255 proceeding, concluding that his attorneys were not ineffective and that any error about which of the two identically worded charging documents to consult would be harmless. (§2255 R. 20 at 25 & n.6).

*1. The §2255 court addressed the issue regarding the Shepard documents error.*

We can address the issue of the charging documents with some haste. Adams makes much ado about the fact that the district court used the California Complaint rather than the Second Amended Information as the *Shepard* document to determine that Adams was convicted of a crime—selling cocaine—that qualified as a controlled substance offense under the Guidelines. He claims that his counsel was ineffective for failing to raise the issue. However, the district court already considered and rejected this claim in its §2255 decision. The §2255 district court concluded that:

> Adams argues the Court should have instead looked to a "second amended information." Notably, it does not appear that Adams has provided the Court with the alleged second amended information and regardless he does not provide an argument as to how it would demonstrate that his conviction does not qualify as a controlled substance offense.

(§2255 R. 20 at 25, n.6). We need not determine whether the district court improperly placed the burden on Adams to produce the document. The court properly concluded that Adams did not point to any reason why the document would be

relevant, and indeed, it turns out that it would not have been—the Second Amended Information was identical in wording to the Complaint upon which the court did rely. See (§2255 R. 78; R. 78-1). It is abundantly clear that it would not have helped Adams in the slightest. Had counsel recognized the issue at trial, and the court turned to the Second Amended Information, it would have inevitably come to the same conclusion—Adams had a prior state court conviction for selling cocaine. Adams' counsel cannot have been ineffective for failing to raise an argument that would have had no effect whatsoever on the outcome. Thus Adams' reliance on *United States v. Hicks*, 122 F.3d 12 (7th Cir. 1997), is inapt. Although the court in *Hicks* reversed where the district court relied on the incorrect charging document, in that case the two documents were significantly different and reliance on the incorrect one made a difference as to whether the defendant could be found to have been convicted previously of a violent crime. *Id.* at 12–13. In this case it undoubtedly does not. Most importantly, the district court on §2255 review already considered this argument and rejected it. Adams cannot resurrect it in a Rule 60(b) motion.

2. *The §2255 decision addressed the arguments regarding Adams' prior offense as a controlled substance offense.*

Adams' second complaint about a "defect in the proceedings" was that his counsel was ineffective for failing to argue that "offering to sell" cocaine was not a controlled substance offense under the Guidelines. But the district court, considering the §2255 motion, clearly held, on the merits, after considering the facts, that Adams' attorneys "were not ineffective" and thus his claim had no merit. (§2255 R. 20 at 25). In his brief before this court, Adams admits that this was the court's

holding (Adams' Brief at 35), but states that he "never had the merits of the issue addressed properly." *Id.* at 36. In essence he argues, not that the district court failed to reach the merits, but rather that it did so improperly. This is an "attack[] [on] the federal court's previous resolution of a claim on the merits," and thus prohibited territory for a Rule 60 motion. *Gonzalez*, 545 U.S. at 532. Adams may have titled his motion one made pursuant to Rule 60(b), but that did not alter the fact it was, in fact, a motion attacking the prior judgment on the merits. And, as we just noted, no matter how it is titled, a district court lacks jurisdiction to hear a §2255 motion unless the circuit court has issued a certificate of appealability. *United States v. Scott,* 414 F.3d 815, 817 (7th Cir.2005).

> a. *The argument was indeed the same as the one in the §2255 proceedings.*

Adams claims that this was not an attack of the §2255 decision on the merits because "[h]is lawyer made one argument on appeal and lost. Mr. Adams made a different argument as part of an ineffective-assistance-of-counsel claim in the §2255 proceeding." (Adams' Reply Brief at 15). This argument is a bit muddled, but we take it to mean that he claims that the argument about whether "transporting" cocaine is not a controlled substance offense under the Guidelines (which his lawyer raised in his second direct appeal and lost) is different from the argument that "offering to sell" cocaine is not a controlled substance offense (which, he argues, his lawyer should have brought but ineffectively failed to do so). He is not relitigating a claim he lost on the merits, he argues, but rather, he is making a different ineffective assistance of counsel claim. See (Adams' Reply Brief at 15).

These are not, however, different claims. And even if we misunderstand the exact nature of Adams' somewhat confusing argument, the barrier *to all* of Adams' claims about the nature of the underlying California offense is that the §2255 court looked at the language of the charge of conviction (which Adams concedes it was entitled to do) and determined that Adams had been convicted of *selling* cocaine. The underlying conviction stated: "Quawntay Adams did unlawfully sell, furnish, administer, and give away, *and* offered to sell, furnish, administer, and give away controlled substances, to wit: cocaine base." (§2255 R. 78-1) (emphasis ours).[8] Based on this language, the court found that there was no open question as to whether Adams may have been merely "transporting" cocaine. This also means, of course, that there was no open question as to whether Adams may have been merely "offering to sell" cocaine. The §2255 court determined that Adams had been charged with and found guilty of *selling* cocaine in California, a controlled substance offense. Both arguments were actually subsumed in the district court's ruling on the §2255 motion that his prior conviction for selling cocaine fell within the "controlled substance offense" definition in the Guidelines. Therefore any attack using either of those arguments or any other argument about what Adams might have been doing in California is merely a second attack on the merits.

---

[8] Once again, we note that the court looked at the incorrect *Shepard* document (the Complaint), but had it looked at the correct one (the Second Amended Information), it would have seen the identical charging language.

    *b.   There was no procedural defect in the §2255 proceedings.*

Adams attempts to paint his Rule 60(b) claim as one regarding the court's defective procedure, as opposed to a claim that the court erred in its determination on the merits. Adams argues that the district court "used law of the case doctrine" to determine that any claim of ineffective assistance would necessarily fail. Adams objects to the fact that the district court, in considering the §2255 motion, relied upon the language in our prior decision affirming his re-sentencing on remand, to determine that Adams' underlying claim had no merit and that his lawyers therefore could not have been ineffective for failing to raise it. And, on top of that, Adams argues, that the conclusion by this court in the appeal from the remand was mere dicta and thus was never really considered by this court or therefore the district court in the §2255 matter. In short, Adams appears to be arguing that the fact that the district court in the §2255 motion adopted the reasoning of a prior Seventh Circuit decision in his case, meant that it "used the law of the case doctrine to determine that any claim of ineffective assistance would necessarily fail." (Adams' Brief at 34).

The fact that a district court relies on the reasoning of a court of appeals or vice versa does not mean that the court considers itself locked into the other opinion by "law of the case." In the interest of efficiency and for the sake of not reinventing the wheel, courts often quote language from other courts and adopt the reasoning therein. See, e.g., *In re Taylor*, 793 F.3d 814, 818 (7th Cir. 2015) (adopting "the sound reasoning of the district court."); *Nat'l Athletic Sportswear, Inc. v. Westfield Ins. Co.*, 528 F.3d 508, 510 (7th Cir. 2008) ("Because the district court issued a thorough and well-reasoned

opinion and order that does not contain any error, we adopt the district court's opinion and order dated November 5, 2007, as our own"). Decisions in which one court adopts the reasoning of another are too common to cite. The district court did not state that was it was locked into this court's earlier finding that his counsel had not been ineffective. The district court merely agreed with our earlier finding and cited our language as reasoning.

And although this court found that Adams had waived the argument and considered this argument in the alternative, we cannot say that it was mere "dicta" written without "full and careful consideration" as Adams argues. (Adams' Brief at 29). We addressed Adams' argument about the nature of the offense, considered it fully and then rejected it on the merits. *Adams*, 451 App'x at 579. The district court adopted its conclusion. (§2255 R. 20 at 25). Adams' arguments in his Rule 60(b) motion, therefore, constitute an impermissible attack on the merits of a decision in the §2255 order.

In sum, the district court, when considering the §2255 motion, concluded that Adams' California conviction for selling cocaine was an act clearly covered under the Guidelines' definition of a controlled substance offense in §4B1.2(b). It also considered what would have happened had the sentencing court referred to the Second Amended Information rather than Felony Complaint in making that determination. These matters were considered by the court in the §2255 decision. The district court determined that any attempt to re-argue them constituted an unauthorized successive §2255 motion which the district court did not have the jurisdiction to hear.

Adams is not, of course, the first to attempt to portray an attack on the merits as one of defective procedure to skirt the

restrictions on successive attempts at post-conviction relief. We considered just this issue in *Bradley*, where a habeas petitioner sought relief under 60(b) for what he claimed to be a procedural error. *Bradley v. Lockett*, 549 F. App'x 545 (7th Cir. 2013). In his habeas petition, Bradley, like Adams, claimed he was misclassified as a career offender. In dismissing his claim, the district court held that his claim was not cognizable because it was below the statutory maximum. *Id.* at 548. It turns out, however, that the court was wrong. *Id.* Nevertheless, this court determined that Rule 60(b) could not be used to correct the legal error. *Id.* at 549. Quoting the Supreme Court in *Gonzalez*, the *Bradley* court concluded:

> "alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." … In short, the prior panel's decision with respect to Mr. Bradley's § 2241 motion was a "determination that there … do not exist grounds entitling [Mr. Bradley] to habeas corpus relief."

*Id.* at 551–52 (quoting *Gonzalez*, 545 U.S. at 532 & n.4). And for a similar reason, Adams' reliance on *Ramirez*, 799 F.3d 845, does not support his cause. In that case, this court allowed Ramirez's 60(b) claim to move forward because he alleged a procedural error that precluded a ruling on the merits—his attorney abandoned him *after* the §2255 proceedings, thus preventing him from pressing his ineffective assistance argument on appeal. *Id.* at 854. In short, when a district court resolves a claim on the merits, even if it does so errantly, a

petitioner cannot use Rule 60(b) to attack the resolution on the merits, only to rectify procedural defects.

### D. Any potential error about the right to counsel was harmless.

This leaves us with one final loose end to tie. As part of its ruling denying the first motion under Rule 60(b), the district court rejected Adams' claim that his lack of counsel during the §2255 proceedings gave him grounds to reopen under Rule 60(b). The district court erred by relying on a rigid rule that because §2255 proceedings are civil, there is no constitutional right to counsel and thus no ability to challenge the effectiveness of one's §2255 counsel. (§2255 R. 45 at 5). As we noted in *Ramirez*, 799 F.3d at 848, this would have been correct before the Supreme Court's decisions in *Trevino v. Thaler*, 569 U.S. 413, 429 (2013); and *Martinez v. Ryan*, 566 U.S. 1, 9 (2012). Those two decisions, however, have changed how courts should view claims of ineffective assistance of counsel at initial-review collateral proceedings. *Ramirez*, 799 F.3d at 848. The error is inconsequential, however, because the district court found that Adams adequately presented his arguments in his initial §2255 motion and the court addressed each of those arguments, making the Rule 60(b) motion duplicative of the §2255 proceeding and leaving the district court without jurisdiction to hear it.

### III.

In conclusion, the district court properly concluded that Adams' Rule 60(b) motion was merely an unauthorized successive §2255 motion. The district court therefore had no jurisdiction to consider any of Adams' claims further. The decision of the district court is AFFIRMED.